**WISOFF et al. v. FREEDMAN et al.**
**No. 8518.**

District Court, E. D. New York.
Dec. 30, 1938.

Jacob J. Bobrow of New York City, for the Motion.

William F. Nickel, of New York City, opposed.

CAMPBELL, District Judge.

This is a motion for an order dismissing the Second and Third causes of action of the amended Bill of Complaint.

The first cause of action is the usual one for the alleged infringement of U. S. Patent No. 2,112,723 issued to Isaac J. Wisoff on March 29th, 1938.

The plaintiff, Isaac J. Wisoff, is the owner of said patent and the plaintiff, Sildore Novelty Corp., is the exclusive licensee of said patent.

All of the parties plaintiff and defendant are residents of the State of New York.

The second cause of action alleges a cause of action for unfair competition and further alleges that the court's jurisdiction depends upon the grounds that acts of the defendants complained of in that cause of action are directly connected with defendant's infringement of said patent No. 2,112,-723 and part of the same course of action taken by Defendants.

The third cause of action alleges a cause of action for violation of confidence on the part of the defendants at the expense of the plaintiff, Isaac J. Wisoff and his later associates and the violation of an agreement which among other things provided for a payment of royalty.

No diversity of citizenship existing, the Court can have jurisdiction over the second cause of action, only if it be shown that the alleged unfair competition is so directly connected with the defendants alleged infringement, that it is in fact part of the same cause of action.

The allegations of the second cause of action of the complaint, as to unfair competition, antedate as well as follow, the date of the granting of the patent, therefore, I do not see how the Court can have jurisdiction over any of the alleged acts of unfair competition which preceded the granting of the patent.

The motion for an order dismissing the second cause of action will be granted, but with leave to the plaintiff within ten days after the making of the order to be entered hereon to amend the second cause of action of the complaint, by confining the allegations of unfair competition to a time subsequent to the granting of the patent.

The third cause of action of the complaint, is in effect an action for royalties, as that is the result, however, the contract alleged to have been made between the par-

ties is entitled or described, furthermore, the time when these royalties are alleged to have been earned and unpaid, antedates the granting of the patent, and it seems to me that there being no diversity of citizenship, this Court is without jurisdiction in the premises, and that even if the Court had any jurisdiction, the action is properly one at Law, and not in Equity, but I do not think that this Court has jurisdiction in either event.

It is true, that under the New Rules, we have but one form of Civil Action, and therefore, although at the time the action was started there was a distinction between actions at Law and Equity I would not urge the form of action as a reason for dismissal in this case, if I thought this Court had jurisdiction, but, as I do not, the motion to dismiss the third cause of action is granted.

Settle order on notice.